# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-09046-CAS(SSx) | Date | June 8, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. v. WAL-MART STORES, INC. ET AL. | | |

**Present: The Honorable**    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS) - SEARS HOLDINGS CORPORATION'S UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT (Dkt. 31, filed May 14, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7–15. Accordingly, the hearing date of June 11, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On December 15, 2017, plaintiff Universal Dyeing & Printing, Inc. filed the instant action against defendants Wal-Mart Stores, Inc., Loehmann's, Inc., Bluefly, Inc., Sears Holding Corporation ("Sears"), Genesco Brands, Inc., d/b/a Journeys, and Does 1 through 10. Dkt. 1 ("Compl."). Plaintiff brings a claim for copyright infringement as against all defendants, alleging that defendants infringed on plaintiff's copyrighted two-dimensional textile design, UA 50530 (the "Subject Design").

Sears was served with the complaint on February 27, 2018, and on March 16, 2018, plaintiff filed proof of service. Dkt. 18. On April 24, 2018, plaintiff filed a request for entry of default against Loehmann's, Inc. and Sears. Dkts. 21–22. On April 25, 2018, the Clerk entered default against both defendants. Dkt. 23.

On May 14, 2018, Sears filed the instant motion to set aside entry of default. Dkt. 31 ("Motion"). On May 29, 2018, Sears filed a notice of non-opposition to its motion. Dkt. 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-09046-CAS(SSx) | Date | June 8, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. v. WAL-MART STORES, INC. ET AL. | | |

## II. DISCUSSION

Sears requests relief from entry of default pursuant to Federal Rule of Civil Procedure 55(c). See Motion. Sears asserts that it requests this relief for good cause insofar as its failure to timely respond to plaintiff's complaint was due to excusable oversight on the part of Sears's in-house counsel, because it has alleged a meritorious defense to the action, and because plaintiff will suffer no prejudice from having the default set aside. Id.

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the Clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, a court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). A district court may refuse to set aside the default if any one of these factors is true. Id.

First, Sears argues that inadvertent, non-culpable conduct led to the default. Sears asserts that when it is served with a new complaint, its legal intake personnel provides notice of the complaint to its Associate General Counsel, Diana Hsu. Motion at 1 (citing dkt. 31–4, Declaration of Diana Hsu, ¶ 3). Sears contends that Hsu is typically responsible for managing over 2,000 active litigation matters, and that although Hsu received notice of plaintiff's complaint on March 2, 2018, she inadvertently failed to assign the matter to another member of Sears's legal department. Id. at 2, 4. Sears asserts that it has timely responded to multiple copyright lawsuits filed by plaintiff's counsel in years past, that it has sought to resolve those actions on the merits, and that it would have done so here but for counsel's inadvertent oversight. Id. at 2, 4.

Second, Sears contends that based on its preliminary investigation, it has a meritorious defense to plaintiff's claim insofar as it appears that the products allegedly bearing the Subject Design were sold by a third-party vendor through Sears's "Marketplace," and were not retailed by Sears. Id. at 2. Sears argues that because it did not sell the accused products and because it does not control what third parties list on its Marketplace, it has a meritorious defense to plaintiff's claim. Id. at 4–5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-09046-CAS(SSx) | Date | June 8, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. v. WAL-MART STORES, INC. ET AL. | | |

Third, Sears argues that plaintiff does not oppose its request to set aside entry of default—as confirmed by plaintiff's counsel to Sears's counsel—and Sears asserts that plaintiff will not suffer prejudice if default is set aside, as all other defendants are still in the early stages of pleading and discovery, and because Sears moved promptly to set aside the entry of default once it discovered its mistake on May 7, 2018. Id. at 2, 5–6.

Generally, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). When a party seeking timely relief from default has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945–46 (9th Cir. 1986) (quoting Schwab v. Bullocks Inc., 508 F.2d 353, 355 (9th Cir. 1974)). As such, the Court has broad discretion to overturn an entry of default. Id.

With respect to the first factor identified above, it appears that Sears did not act culpably in failing to respond to plaintiff's complaint. Rather, Hsu appears to have overlooked that plaintiff's complaint had been properly assigned, and her conduct in doing so does not appear intentional. See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) ("[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer") (citation omitted), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147 (2001).

Regarding the second factor, a party in default "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Given Sears's explanation that third-party vendors sold the allegedly infringing products on Sears's Marketplace—over which Sears had no control—the Court is satisfied that at least "some" possibility of a meritorious defense exists, and thus the Court cannot conclude that "permit[ing] [a] reopening of the case ... [will] cause needless delay and expense to the parties and court system." Id.; see also Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (noting that when a party seeking timely relief from default has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits") (citation omitted); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1173 (9th Cir. 2007) ("[T]o succeed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-09046-CAS(SSx) | Date | June 8, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. v. WAL-MART STORES, INC. ET AL. | | |

imposing vicarious liability [for copyright infringement], a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement.").

Last, with respect to any potential prejudice associated with setting aside the entry of default, in light of plaintiff's apparent non-opposition and given that the other defendants are still in the early stages of responding to the complaint, it appears that plaintiff will suffer no prejudice from the Court setting aside the default as to Sears.

Accordingly, upon consideration of the three factors identified above, the Court concludes that Sears has demonstrated good cause for setting aside the entry of default.

## III.  CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** Sears's motion to set aside entry of default. Sears may file a response to the complaint on or before **June 25, 2018.**

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |